UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dr. Cassandra M. Smith, | ) | Civil Action No.: 5:05-1911-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Voorhees College, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Procedural History**

The plaintiff filed this action on July 5, 2005 alleging federal causes of action for discrimination on the basis of sex, race, and national origin and retaliation in violation of Title VII, 42 U.S.C. §2000e, and violations of the Equal Pay Act, 29 U.S.C. § 206(d). She pleaded state law claims for breach of contract based on the defendant's employee handbook and public policy tort. The defendant filed its Answer on September 8, 2005. Defendant filed a motion for summary judgment with supporting documentation on September 27, 2006. Plaintiff filed a responsive memorandum on November 16, 2006. The defendant filed a Reply on December 8, 2006.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Marchant carefully considers the issues and recommends that the defendant's motion for summary judgment be granted as to the plaintiff's race discrimination claim under Title VII and her claim under the Equal Pay Act. He also recommends that summary judgment be granted on the plaintiff's breach of contract claim regarding her discharge or any other contract claims which

1

post-date May 31, 2004. However, the Magistrate Judge recommends that the motion for summary judgment be denied as to the plaintiff's claims for wage discrimination based on her gender; retaliation under Title VII; and breach of contract "involving non-discharge issues which pre-date May 31, 2004." Defendant filed objections to the Report on July 17, 2007. Plaintiff filed a response to the objections on July 27, 2007.

Plaintiff has not filed any objections. Therefore, after thorough review, the Court adopts that portion of the Report which grants the defendants' motion for summary judgment as to the race discrimination claim under Title VII and the Equal Pay Act claim. Additionally, the Court adopts, without objection from the plaintiff, the portion of the Report which recommends granting the motion for summary judgment as to the breach of contract claim regarding the plaintiff's discharge and regarding any other contract claim which post-dates May 31, 2004. Finally, the Court adopts the portion of the Report which recommends granting summary judgment as to the claim for public policy tort. In this Order, the Court will address the objections filed by the defendant to the Report.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.[1] The court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

**Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or . . . otherwise. . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

---

[1] The plaintiff alleges that she was employed as Distinguished Professor of Biology; Chairperson of the Division of Arts and Sciences; Coordinator of Biology; and principal investigator for four federal grants for defendant, Voorhees College. In June of 2005, she was receiving a salary of $70,000 per year pursuant to a written contract. A portion of her salary was paid from federal grants and a portion by the college. The contracts were subject to the "100% rule" under which employees paid partially from grant monies were required to designate the percentage of their time spent on grant projects as opposed to college work and the total time could not exceed 100%. Plaintiff alleges that she complained to the college about the amount of her wages as compared to some male faculty members. Subsequently, the plaintiff was offered an employment contract which she refused to sign because she alleged that the percentages listed in the contract from certain grants did not coincide with the amount of time specified in the grants. She was terminated from her position on June 1, 2005 for "refusal to comply both with College and federal regulations for each employee to have a signed contract . . ."

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

**Title VII Sexual Discrimination Claim**

The defendant contends in its objections that the plaintiff has failed to prove a *prima facie* case of gender discrimination based on her pay and, even if she has met the *prima facie* case, she has failed to put forth any evidence that the legitimate, nondiscriminatory reason given by the defendant for the salaries paid to the co-workers was not based on market factors. It further contends that the

4

plaintiff's complaint alleged that she was paid less than male employees but does not allege that she should be paid comparatively more than she was in fact paid.

Plaintiff, on the other hand, admits that she was paid more "on a mathematical basis" than the three male faculty members, but she contends that the three male associate and/or assistant professors whom she supervised were paid comparably higher salaries beyond their applicable pay scale ranges. Plaintiff relies upon the opinion of the United States Supreme Court in *County of Washington v. Gunther*, 452 U.S. 161 (1981) in support of her position. Plaintiff contends that the allegations of her Complaint are sufficient under Fed. R. Civ. P. 8 and that, at the summary judgment stage, the question is sufficiency of the evidence and not sufficiency of the allegations of the Complaint.

Under Title VII, it is an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."42 U.S.C. §2000e-2(a)(1). The Bennett Amendment to Title VII, Section 2000e-2(h) provides that it is not an unlawful employment practice for an employer to "differentiate upon the basis of sex in determining the amount of the wages or compensation paid . . . to employees of such employer if such differentiation is authorized by the provisions of section 206(d) of title 29." Section 206(d) is the Equal Pay Act, which contains exemptions for payments made under seniority or merit systems, systems that measure earnings by quantity or quality of production, or "a differential based on any other factor other than sex."

*Gunther* was a lawsuit brought under Title VII by female prison guards who worked in the section of an Oregon jail which housed female inmates. The female guards asserted that they were paid lower wages than male guards who worked in the area of the jail that housed male inmates and that they should be allowed to bring a Title VII claim even though no male guard actually held an equal but

higher paying job. The Supreme Court rejected the employer's argument that the purpose of the Bennett Amendment was to restrict Title VII sex-based wage discrimination claims to those which could have been brought under the Equal Pay Act "and thus that claims not arising from 'equal work' are precluded." In doing do, the Court reminded the parties that Title VII prohibits "all practices in whatever form which create inequality in employment opportunity due to discrimination on the basis of race, religion, sex, or national origin" and that "in forbidding employers to discriminate against individuals because of their sex, Congress intended to strike at the *entire spectrum* of disparate treatment of men and women resulting from sex stereotypes." *Id*., 452 U.S. at 180. The Court also noted that "if an employer hired a woman for a unique position in the company and then admitted that her salary would have been higher had she been male, she would have been unable to obtain legal redress under petitioner's interpretation." The Court therefore appears to sanction Title VII claims of discrimination based upon sex even where no member of the opposite sex holds an equal but higher paying position as long as the affirmative defenses allowed by the Equal Pay Act do not apply.

At this stage of the proceedings, looking in the light most favorable to the plaintiff, the Court finds that issues of fact exist to preclude summary judgment on the plaintiff's Title VII gender-based wage discrimination claim. For example, a jury should be allowed to consider the college's research and instructional pay scales and whether the plaintiff received lower wages in comparison with the comparators due to her sex. A jury should also be allowed to determine whether the defendant's enunciated legitimate reason for the discharge was pretextual based upon all of the facts. The Court additionally finds that the plaintiff's pleadings are sufficient to allege the theory of law she now espouses and the defendant has had ample opportunity to learn the plaintiff's position through discovery.

**Title VII Retaliation Claim**

Defendant next contends that the plaintiff has not brought forward any evidence "that she was not terminated for a legitimate non-retaliatory reason." (Objections, p. 9). Plaintiff points to various factual issues, including her allegations that the contract offered to her did not contain correct percentages for each grant, based on her time and that, if she had signed the contracts, she would have committed federal fraud. She contends that the college created the dispute concerning the contract after she complained about the disparity in her salary when compared to Dr. Bendidi and Dr. George. Plaintiff also points to a statement by the college president during a faculty meeting that "You all keeping bitching about salaries all you want, but ain't nobody going to work here who sue us. . ." (Plaintiff's depo. p. 109).

The Court finds that the record contains sufficient evidence at this juncture to submit the retaliation claim to the jury.

**Breach of Contract**

Plaintiff alleged in her Complaint (¶ 23) that the faculty and staff handbook was part of the contract between the plaintiff and defendant and that the defendant breached this contract by violating "anti-discrimination policies, objective position and salary criteria, equitable assignment of duties and responsibilities, payment of salaries, and protection against reporting illegal activities." The defendant moved for summary judgment on the breach of contract claim on the basis of a disclaimer contained in the employee handbook. Defendant submitted in support of its motion a copy of the page of the handbook which contains the disclaimer. Defendant also attached to its motion the plaintiff's contract dated February 4, 2004 with the college which states:

> The employee warrants that he/she is fully qualified to accept this employment and agrees to meet all expectations of the College as outlined by verbal/written communication in the Faculty and Staff Handbook. The employee agrees to perform

all duties connected with the above position, and to abide by such rules as the College deems necessary for the successful and efficiency of its work in line with the Faculty Staff Handbook of the College.

The defendant asserts in its objections that the only portion of the plaintiff's breach of contract claim which now remains is based on the college's employee handbook and that the plaintiff has not presented to the Court any evidence regarding the handbook but relies solely on her pleadings. The plaintiff contends that the college admitted the existence of the handbook in its Answer and that the Magistrate Judge correctly recommended a finding that a question of fact exists as to whether the plaintiff's employment contracts incorporated the disclaimer contained in the handbook.

While the handbook itself was not submitted to the Court, and while the defendant's primary argument on summary judgment was based on the handbook's disclaimer, the record contains some evidence of the terms and conditions of the handbook through the plaintiff's letter dated December 8, 2003 to Dr. Nathaniel Jackson, Executive Vice President/Academic Dean (Exhibit 1 to Plaintiff's Depo.) In the letter, the plaintiff references section 5.1 of the faculty handbook regarding the college's policy on salary ranges and also page 35 of the handbook regarding promotional increases. She also refers to page 56 and Table I of the handbook. Therefore, the Court finds that it is inappropriate to grant summary judgment to the defendant on this basis.

Defendant also contends that the record lacks evidence as to any discriminatory conduct on the part of the college and that summary judgment should thus be granted as to the breach of contract claim. However, as noted above and in the Report and Recommendation of the Magistrate Judge, the Court finds the record contains sufficient evidence to withstand summary judgment regarding plaintiff's claim of gender discrimination in connection with her wages.

## **Conclusion**

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the

Report and Recommendation of the Magistrate Judge, and **GRANTS IN PART AND DENIES IN PART** the defendant's motion for summary judgment.

The Motion for Summary Judgment is **GRANTED** as to the portion of the plaintiff's First Cause of Action under Title VII alleging discrimination on the basis of race and national origin and **GRANTED** as to the Second Cause of Action under the Equal Pay Act. In addition, the motion is **GRANTED** as to the Fifth Cause of Action for public policy tort and as to the allegations of the Fourth Cause of Action for breach of contract relating to the plaintiff's discharge and any other contract claims which post-date May 31, 2004.

The Motion for Summary Judgment is **DENIED** as to the allegations of the first cause of action regarding gender-based wage discrimination under Title VII. The motion is also **DENIED** as to the plaintiff's retaliation claim under Title VII. Finally, the motion is **DENIED** as to the breach of contract claim based on non-discharge issues which pre-date May 31, 2004.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 26, 2007
Florence, South Carolina