UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dr. Cassandra M. Smith, ) | Civil Action No.: 5:05-1911-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| Voorhees College, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the defendant's [85] Motion for Judgment as a Matter of Law and [87] Motion for New Trial.

Defendant moves for judgment as a matter of law and for a new trial on the plaintiff's retaliation claim on the basis of sufficiency of the evidence that its stated legitimate, non-discriminatory reason for the discharge was pretextual. Defendant contends that Plaintiff was discharged because of her failure to sign a faculty contract and that a faculty member who receives part of her salary from federal funds must have a signed contract. Defendant also contends in its motion for new trial that the compensatory damages of $175,000 awarded by the jury are excessive and not based upon the evidence.[1]

"A [district] court may only grant a motion for judgment as a matter of law (formerly j.n.o.v.) if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable

---

[1] The jury awarded the plaintiff $175,000 in compensatory damages and punitive damages in the amount of $10,000. This Court reduced the damages to $100,000 based upon the statutory cap set forth in 42 U.S.C. § 1981a(b)(3) for employers with 101-200 employees.

1

trier of fact could draw from the evidence is in favor of the moving party." *Tools USA v. Champ Frame Straightening Equip.*, 87 F.3d 654, 656-57 (4th Cir. 1996). The court should grant a motion for new trial under Fed. R. Civ. P. 59 only if (1) the verdict is against the clear weight of the evidence, or (2) is based on evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001).

In the case at bar, the Court believes that the evidence, taken as a whole, was sufficient to submit to the jury the issue of whether the reason offered by the college for the plaintiff's discharge was pretext for the defendant's true purpose to retaliate against the plaintiff for complaining of alleged wage discrimination based upon her gender. In addition, the defendant has not set forth sufficient grounds for a new trial. The plaintiff contended that the college previously did not set forth in her contract the percentages of time devoted to each of her duties, and that the percentages set forth in the proposed contract were not accurate and would have constituted material false representations to the federal agencies who were providing grants to the college. Further, she introduced evidence of a statement, which was not refuted, by the college president that "ain't nobody who complains about their salary going to work for Voorhees."

As to the issue of the amount of the compensatory damages award, the court finds that the amount of the award was supported by the evidence.

The Court accordingly denies the motion for judgment as a matter of law and for new trial and denies the request for a remittitur.

**AND IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell  
                                                              R. Bryan Harwell  
                                                              United States District Court Judge

June 27, 2008  
Florence, South Carolina